**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, U.S. Department of Labor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| LIFELINE, INC. and RHODA MAKINDE, an individual | ) Civil Action No. 8:24-cv-02345-PX ) ) |
| Defendants. | ) ) ) |

**ACTING SECRETARY OF LABOR'S MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION FOR LEAVE TO AMEND THE COMPLAINT**

## TABLE OF CONTENTS

I.     Introduction ............................................................................................................... 1

II.    Procedural History ................................................................................................... 1

III.    Argument ................................................................................................................ 2

    A.    Legal Standard .................................................................................................. 2

        1.    15(a)(2) standard ........................................................................................ 2

        2.    Rule 8(a)(2) pleading requirements ....................................................... 2

    B.    Plaintiff's Proposed Amended Complaint Sets Forth Claims That Satisfy The Federal Rules ............................................................................................................... 3

    C.    The Proposed Amendments Are Neither In Bad Faith Nor Prejudicial ........................... 6

IV.    Conclusion ............................................................................................................. 6

## TABLE OF AUTHORITIES

Page(s)

Cases

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................................................. 4
*Chao v. Self Pride, Inc.*,
  232 F. App'x 280 (4th Cir. 2007) ............................................................................ 7
*Davis v. Piper Aircraft Corp.*,
  615 F.2d 606 (4th Cir.1980) ............................................................................. 3, 10
*Hall v. DIRECTV, LLC*,
  846 F.3d 757 (4th Cir. 2017) .................................................................................. 5
*Johnson v. Oroweat Foods Co.*,
  785 F.2d 503 (4th Cir. 1986) .................................................................................. 3
*Laber v. Harvey*,
  438 F.3d 404 (4th Cir. 2006) ............................................................................. 2, 3
*Morrison v. Cty. Of Fairfax, VA*,
  826 F.3d 758 (4th Cir. 2016) .................................................................................. 4
*Perez v. Mountaire Farms, Inc.*,
  650 F.3d 350 (4th Cir. 2011) .................................................................................. 7
*Purdham v. Fairfax Cty. Sch. Bd.*,
  637 F.3d 421 (4th Cir. 2011) .................................................................................. 5
*Tennessee Coal, Iron & R.R. v. Muscoda Local No. 123*,
  321 U.S. 590 (1944)................................................................................................ 5
*U.S. ex rel. Fowler v. Caremark RX, LLC*,
  496 F.3d 730 (7th Cir. 2007) .................................................................................. 2
*U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*,
  525 F.3d 370 (4th Cir. 2008) .................................................................................. 2
*Wright v. N. Carolina*,
  787 F.3d 256 (4th Cir. 2015) .................................................................................. 4

Statutes

29 U.S.C. § 201......................................................................................................... 1
29 U.S.C. § 202(a)(5).................................................................................................. 6
29 U.S.C. § 203(d) ...................................................................................................... 6
29 U.S.C. § 203(r)(1) .................................................................................................. 6
29 U.S.C. § 207(a)(1) .................................................................................................. 6
29 U.S.C. § 211(c) ...................................................................................................... 7
29 U.S.C. § 216(c) ...................................................................................................... 8
29 U.S.C. § 255(a) ...................................................................................................... 7

Rules

Federal Rule of Civil Procedure 8(a)(2) .................................................................... 3

Federal Rule of Civil Procedure 15(a)(2) ........................................................................... 2

Regulations

29 C.F.R. § 516.2(a)(7-9).................................................................................................... 7

## I.   INTRODUCTION

Plaintiff's Unopposed Motion for Leave to Amend the Complaint should be granted. Plaintiff's proposed amendments set forth legally sufficient bases for relief under the Fair Labor Standards Act ("FLSA"). These amendments are the result of the ongoing investigation, the deliberate delay and undermining of which was the basis for the original Complaint in this matter. The proposed amendments are neither in bad faith, nor prejudicial to Defendants. As such, the interests of justice require that leave to amend be granted.

## II.   PROCEDURAL HISTORY

Plaintiff filed her Complaint in this matter on August 13, 2024, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ECF No. 1. Specifically, the Complaint alleged that Defendants retaliated against employees they perceived to be cooperating with the U.S. Department of Labor ("the Department") in an investigation into Defendants' unlawful failure to pay overtime as required by the FLSA. ECF No. 1, at ¶¶ 7-13, 16. The Complaint further alleged that Defendants falsified their records in an effort to hide their unlawful behavior and interfere with the Department's investigation. ECF No. 1, at ¶¶ 14-15. As a result of Defendants' wrongdoing, the Department's investigation was delayed. The Acting Secretary has now gathered additional information that supports additional claims against Defendants, as set forth in the proposed Amended Complaint. Specifically, the Acting Secretary has gathered evidence of FLSA overtime violations, which Defendants attempted to conceal through the misconduct alleged in the original Complaint.

III.    **ARGUMENT**

   A.    **Legal Standard**

      1.    **15(a)(2) standard**

Federal Rule of Civil Procedure 15(a)(2) provides that a "court should freely give leave [to amend a complaint] when justice so requires." Motions for leave to amend "should be granted liberally," unless amendment "would be futile" in that it "fails to satisfy the requirements of the federal rules." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (quoting *U.S. ex rel. Fowler v. Caremark RX, LLC*, 496 F.3d 730, 740 (7th Cir. 2007)). The only other bases for denial of a motion for leave to amend are where there has been "bad faith on the part of the moving party" or where "the amendment would be prejudicial" to the opposing party. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). An amendment is not prejudicial if it alleges facts already known to Defendants and is offered prior to the commencement of discovery. *See id.* (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case.")).

      2.    **Rule 8(a)(2) pleading requirements**

A complaint under the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must only "state a claim to relief that is plausible on its face." *Wright v. N. Carolina*, 787 F.3d 256, 263 (4th Cir. 2015). A complaint need not show that success is probable, only that there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint is required only to "give the

2

defendant fair notice of what the claim is and on the grounds on which it rests. *Id.* The FLSA must also be construed liberally to accomplish the goals of the statute, such that the "Supreme Court has cautioned that the FLSA must not be interpreted or applied in a narrow, grudging manner." *See Morrison v. Cty. Of Fairfax, VA*, 826 F.3d 758, 761 (4th Cir. 2016) (quoting *Purdham v. Fairfax Cty. Sch. Bd.*, 637 F.3d 421, 427 (4th Cir. 2011) (quoting *Tennessee Coal, Iron & R.R. v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944))) (internal quotation marks omitted). The Fourth Circuit Court of Appeals has thus adopted a "lenient approach" to pleading in FLSA overtime cases. *Hall v. DIRECTV, LLC*, 846 F.3d 757, 776 (4th Cir. 2017).

>       **B.      Plaintiff's Proposed Amended Complaint Sets Forth Claims That Satisfy The Federal Rules**

The proposed Amended Complaint would not be "futile" because it properly sets forth claims for violations of the Fair Labor Standards Act, and thus satisfies the requirements of the Federal Rules of Civil Procedure. The FLSA forbids an employer from employing any worker "for a workweek longer than forty hours unless such employee receives compensation . . . at a rate not less than one and one-half times the [worker's] regular rate" for the excess hours. 29 U.S.C. § 207(a)(1). The FLSA's Section 7 overtime provisions apply to employees who are either "employed in an enterprise engaged in commerce" (*i.e.,* enterprise coverage), or to employees who are themselves "engaged in commerce" (*i.e.*, individual coverage). 29 U.S.C. § 207(a)(1). Section 2(a) of the FLSA explicitly includes domestic service employees within the Act's coverage. 29 U.S.C. § 202(a)(5). The term "enterprise" includes "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose." 29 U.S.C. § 203(r)(1). The definition of employer in the FLSA includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

29 U.S.C. § 211(c) obligates every employer to "make, keep, and preserve such records of the person employer by him and of the wages, hours, and other conditions and practices of employment" as shall be prescribed by regulation. Pursuant to 29 C.F.R. § 516.2(a)(7-9), employers are required to maintain records of total hours worked each workweek, total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek (exclusive of overtime pay), and the total premium pay for overtime hours.

A violation of the FLSA is willful if the employer knew or showed reckless disregard for the illegality of its conduct. *Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 375 (4th Cir. 2011). Willful violations carry a three-year statute of limitations, rather than two years. 29 U.S.C. § 255(a). Willfulness exists when an employer knew its conduct might be illegal but failed to investigate its legality in good faith. *See, e.g.*, *Chao v. Self Pride, Inc.*, 232 F. App'x 280, 287 (4th Cir. 2007). Section 16(c) of the FLSA entitles the Secretary to recover unpaid backwages owed for overtime as well as liquidated damages in an amount equal to the back wages an employer owes for violations of Section 7. 29 U.S.C. § 216(c). Section 17 of the FLSA empowers district courts to enjoin violations of Section 15.

The Amended Complaint sets forth more than sufficient facts from which the Court can infer a plausible claim for relief under the FLSA. The Amended Complaint alleges, in pertinent part, that:

1) Defendants willfully violated the FLSA by failing to pay one and a half times the regular rate for overtime worked, including straight time paid for as much as 96 hours worked in one example (Exhibit A at ¶¶ 7-8);

2) Defendants performed their activities through a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the FLSA (Exhibit A at ¶ 4);

3) Defendants employ persons in domestic service for profit; those employees are therefore covered pursuant to Section 2(a) of the FLSA. (Exhibit A at ¶ 5);

4) In addition, Defendants employed individuals who are engaged in interstate activities between Maryland and D.C., and Defendants had an annual gross volume of business in an amount not less that $500,000. Defendants' employees are therefore also covered pursuant to Section 3(s)(1)(A) of the FLSA (Exhibit A at ¶ 5);

5) Defendants failed to keep and maintain accurate records of the amount of each employee's straight-time and overtime earnings (Exhibit A at ¶¶ 13-14);

6) Defendants were aware that their employees were entitled to overtime, but took steps to deprive them of overtime pay, including having some employees sign a form acknowledging that Defendants would not pay the overtime rate for overtime worked (Exhibit A at ¶ 9);

7) Defendant Rhoda Makinde caused to be transmitted falsified payroll records to hide Defendants' practice of not paying overtime rates for overtime hours worked (Exhibit A at ¶ 20; ECF No. 1, at ¶ 15).

The Amended Complaint therefore requests, in addition to relief already sought in the original Complaint for Defendants' violations of the FLSA's antiretaliation and anti-interference provisions, back wages, liquidated damages, and a permanent injunction prohibiting future violations of the FLSA. The facts alleged in the Amended Complaint are more than sufficient to support the claims set forth therein and the relief sought. Moreover, because Defendants' illegal

retaliation and withholding of evidence, as set forth the in the original Complaint, were for the express purpose of evading liability for the conduct now alleged in the Amended Complaint, the interests of justice require that the amendment be permitted.

###        C.        The Proposed Amendments Are Neither In Bad Faith Nor Prejudicial

The Acting Secretary's proposed amendments are not in bad faith or prejudicial.  As set forth in both the original and Amended Complaints, the reasons for the delay in pursuing these claims was the conduct of the Defendants, and not any wrongful intent by the Acting Secretary.  As such, Defendants were fully aware from the outset of this case that the Acting Secretary was investigating underlying violations.  Moreover, Defendants were aware of the nature of the violations now alleged to the degree that they were able to take direct action to conceal those violations from investigators.  Discovery has not yet commenced.  Therefore, as a matter of law, these amendments are not prejudicial to Defendants.  *See Davis*, 615 F.2d at 613.  Defendants are further in agreement that allowing these amendments will avoid duplicative litigation and save time and judicial resources.

## IV.    CONCLUSION

For the foregoing reasons, the Acting Secretary respectfully requests that this Court grant the Unopposed Motion and permit the Acting Secretary to amend the Complaint.

Respectfully submitted,

Mailing Address:                                **UNITED STATES DEPARTMENT OF LABOR**

U.S. Department of Labor                Seema Nanda
Office of the Regional Solicitor        Solicitor of Labor
1835 Market Street
Mailstop SOL/22                              Samantha N. Thomas
Philadelphia, PA 19103-2968          Regional Solicitor

(215) 861-5124 (voice)
(215) 861-5162 (fax)
gosfield.alexander.e@dol.gov

Date: January 16, 2025

Channah Broyde
Associate Regional Solicitor

Elizabeth A. Kuschel
Arlington Wage and Hour Counsel

*/s/ Elizabeth A. Kuschel*
Elizabeth A. Kuschel
Senior Trial Attorney
Pa State Bar # 318537

*/s/Erik S. Unger*
Erik S. Unger
Senior Trial Attorney
Pa State Bar # 323903
NJ State Bar # 303442019
NY State Bar # 4670675

/s/ *Alexander E. Gosfield*
Alexander E. Gosfield
Senior Trial Attorney
PA State Bar # 209537

*Attorneys for JULIE A. SU*
*Acting Secretary of Labor, Plaintiff*