IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, U.S. Department of Labor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| | ) Civil Action No. 8:24-cv-02345-PX |
| LIFELINE, INC. and RHODA MAKINDE, an individual | ) ) ) |
| Defendants. | ) ) ) |

**AMENDED COMPLAINT**

Plaintiff Julie A. Su, **Acting** Secretary of Labor, United States Department of Labor (the "Plaintiff" or "Acting Secretary"), brings this action ~~under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "Act" or "FLSA"),~~ to ~~enjoin~~ **restrain** Defendants Lifeline, Inc. ("Lifeline") and its owner Rhoda Makinde, (collectively, "Defendants"), ~~from retaliating against employees or otherwise attempting to prevent employees from participating in a protected activity, in violation of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), and from obstructing the Acting Secretary's investigation of Defendants for possible violations of the FLSA, in violation of Section 11(a) of the FLSA, 29 U.S.C. § 211(a).~~

~~The Acting Secretary is authorized to seek injunctive relief to restrain violations of the FLSA. *See* 29 U.S.C. § 217. Because Defendants have been destroying and modifying pay records and threatening their employees with termination in an effort to disrupt the Acting Secretary's FLSA investigation, and have been otherwise interfering with the Acting Secretary's investigation, the Acting Secretary seeks from this Court an order enjoining Defendants and those acting on their behalf~~ from violating **the provisions of** Sections **7, 11(a), 11(c), 15(a)(2),** 15(a)(3) ~~and 11(a)~~**, and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201,** *et seq.* **("the**

1

**Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages, as well as** ~~of the FLSA through any further intimidation, harassment, or other adverse action against employees as a result of the employees' protected activity, and to enjoin Defendants from any further intimidation or harassment of their employees. The Acting Secretary seeks an order directing Defendants to notify their employees that they will not retaliate against them if they speak to or otherwise cooperate with the Acting Secretary's investigation and that employees may provide any information they wish to the Acting Secretary. The Acting Secretary also seeks to toll the statute of limitations retroactively to March 18, 2024 due to the significant delays in the investigation already caused by Defendants' obstruction. Finally, the Acting Secretary seeks~~ punitive damages for Defendants' violations of the FLSA's antiretaliation provision.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the FLSA, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant Lifeline, Inc. is a corporation organized under the laws of ~~Maryland~~ **the District of Columbia** and having its principal office and place of business located at 5632 Annapolis Road, Suite 6, Bladensburg, Maryland. **Lifeline is in the business of providing home care services and operates out of the aforementioned location and 1615 Kenilworth Avenue NE, Washington, DC 20019.**

3. Defendant Rhoda Makinde **("Makinde")** is the owner, operator, and manager of Lifeline**. Makinde is a shareholder of Lifeline and controls day-to-day business operations there. Makinde directed employment practices and has directly or indirectly acted in the interest of Lifeline in relation to its employees at all relevant times herein, including determining compensation policies that applied to employees. Makinde** ~~and~~ resides at 8909

2

Harvest Square Ct. Potomac, Maryland. Therefore, she is a resident of Maryland within the jurisdiction of this Court.

4. **The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.**

5. **Defendants employ persons in domestic service for profit, which affects commerce per Section 2(a)(5) of the Act, 29 U.S.C § 202(a)(5). Lifeline also employs individuals who are engaged in transportation, communication, and/or transmission of information between the State of Maryland and the District of Columbia. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of Defendants are employed in an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C § 203(s)(1)(A).**

6. **The home health aides that Defendants employ are engaged in "domestic service" as defined in 29 C.F.R. § 552.3 because they engage in "services of a household nature" performed "in or about a private home." Therefore, these employees are covered by Section 2(a) of the Act and as defined in 29 C.F.R. § 552.3.**

7. **Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or handling goods or materials that have been moved in or produced for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal number of liquidated damages under Section 16(c) of the Act.**

8.      For example, during the time period from at least March 16, 2021 through at least April 15, 2024, Defendants failed to compensate their employees employed as home health aides at rates not less than one and one-half times their regular rates when they worked over 40 hours in a workweek. During this time period, these employees worked at least one hour in excess of forty per workweek. Some of Defendants' employees often worked, for example, as many as 96 hours in any given workweek.   During the vast majority of workweeks from at least March 16, 2021 through at least April 15, 2024, Defendants paid these employees their straight-time hourly rates (for example, $18.15 per hour) for all hours worked, often on the face of Defendants' payroll records, and did not pay the required time and one-half premium rate for overtime hours worked in excess of forty per workweek.

9.      Defendants knew or recklessly disregarded their obligation to pay their employees one and one-half their regular rates for hours worked in excess of forty per workweek.  For example, Defendants were aware that home care workers employed by third-party agencies were entitled to overtime. Nonetheless, Defendants simply paid employees straight time for overtime hours worked and required at least some employees to sign a form in which they acknowledged that Lifeline would not pay for overtime.

10.     Defendants also sought to avoid paying overtime wages to employees, therefore willfully violating the FLSA, by hiring individuals who had emigrated from Africa because they believed they were likely to be financially dependent on their job and, as a result, less likely to file a complaint with the U.S. Department of Labor regarding their unlawful pay practices.

11.     Until approximately 2016, Defendants also sought to avoid paying overtime wages to employees by paying employees as W-2 employees for the first 40 hours of work in

**a given workweek and then, for all hours worked over 40 hours, paying those employees regular rates of pay as 1099 employees to avoid paying overtime rates.**

**12. Defendants were advised by management level employees that they were required to pay employees overtime rates for overtime hours worked and that their pay practices were unlawful under the FLSA but Defendants opted to ignore that advice.**

**13. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.**

**14. For example, due to their practice of paying employees their straight time hourly rates for all hours worked, Defendants failed to keep and preserve payroll records for employees as required for at least three years, including accurate records of employees' total weekly straight-time earnings and total weekly overtime premium pay. 29 C.F.R. §§ 516.2(a), 516.5(a).**

15. Defendants violated the provisions of Section 15(a)(3) of the FLSA, 29 U.S.C. §215(a)(3), by retaliating against, intimidating, and otherwise coercing employees in an effort to obstruct an ongoing investigation by the Acting Secretary of Labor.

16. ~~During the relevant time period, Lifeline operated as a home healthcare agency to provide domestic services for clients in Baltimore, Maryland and the District of Columbia.~~

17. ~~During the relevant time period, Lifeline employed domestic home care workers known as Direct Support Professionals ("DSP") to provide domestic services to clients.~~

18. ~~Defendants paid DSPs on an hourly basis and maintained a policy of not paying overtime rates to all employees, including DSPs, even where those employees worked more than 40 hours in a given workweek.~~

19. ~~Defendants were aware of their obligation to pay overtime wages to employees and developed, implemented, and effected schemes to avoid paying overtime wages to employees.~~

20. ~~Defendants maintained an employment practice where all new hires were required to sign an unlawful affidavit in which they were required to agree to not receive overtime wages as part of their hiring application.~~

21. ~~Defendants further sought to avoid paying overtime wages to employees by hiring individuals who had emigrated from Africa because they believed they were likely to be financially dependent on their job and, as a result, less likely to file a complaint with the U.S. Department of Labor regarding their unlawful pay practices.~~

22. On March 18, 2024, Wage and Hour Investigator ("WHI") Monica Marin notified Defendants of an open Fair Labor Standards Act investigation when she sent an appointment letter to Defendants that included an FLSA Handy Reference Guide, Fact Sheet #21 – Record Keeping, Fact Sheet #44 – Visit to Employer, and Fact Sheet # 77A – Prohibit Retaliation.

23. Each document that WHI Marin attached told Defendants that retaliation was prohibited under the FLSA and further requested payroll and time records, including time cards and corresponding paychecks.

24. Subsequently, in or about March 2024, it was observed by various employees that Defendant Rhoda Makinde began searching through individual employee work email accounts for all office employees to ascertain whether employees had been communicating with the U.S. Department of Labor. Defendant Rhoda Makinde further locked employees out of their email accounts and reassigned new passwords to employees to ensure Defendants had access to all employee email communications. Prior to learning of the U.S. Department of Labor investigation, Defendants had never undertaken such actions.

25. On or about April 8, 2024, Defendant Rhoda Makinde directed administrative staff employees to falsify payroll records to interfere with the U.S. Department of Labor's investigation into Defendants' pay practices.

26. Subsequently, Defendant Rhoda Makinde caused to be transmitted to the U.S. Department of Labor falsified payroll records that did not reflect all hours worked by certain employees and to hide their practice of not paying overtime rates for overtime hours worked.

27. Commencing in or about June 2024 and continuing to present, Defendant Rhoda Makinde began terminating or constructively terminating the employment of employees she suspected of having cooperated with the U.S. Department of Labor investigation or having communicated with individuals Defendant Rhoda Makinde suspected of having cooperated with the U.S. Department of Labor investigation. Defendant Rhoda Makinde would constructively terminate the employment of those employees by significantly reducing their work hours or removing them indefinitely from their client assignments.

28. By engaging in the conduct set forth above, Defendants violated section 15(a)(3) of the Act, by hindering and obstructing employees from engaging, or preparing to engage, in activity that is protected by the Act, specifically participating in an investigation conducted by the **Acting** Secretary through her agents the WHD investigators.

29. As a result of Defendants' actions, a reasonable employee would be dissuaded from engaging in activities protected under the Act, such as cooperating with an investigation by the **Acting** Secretary into violations of the FLSA.

30. Through their actions described above, Defendants have also violated Section 11(a) of the FLSA, 29 U.S.C. § 211(a) by interfering with the Acting Secretary's investigation regarding Defendants' compliance (or lack thereof) with the FLSA. Defendants obstructed and

hindered the employees' ability to participate in the protected activity of participating in WHD investigation by being interviewed by a WHD investigator.

**WHEREFORE**, cause having been shown, Plaintiff respectfully prays for judgment against Defendants providing the following relief:

(1)~~.~~ **For** ~~A~~a**n** injunction issued pursuant to Section 17 of the Act permanently ~~enjoining and~~ restraining Defendants ~~Lifeline, Inc. and its owner Rhoda Makinde~~, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants**,** who receive actual notice of any such judgment, from violating the provisions of ~~s~~**S**ection**s 7, 11(a), 11(c), 15(a)(2),** 15(a)(3) and ~~11(a)~~ **15(a)(5)** of the **FLSA** ~~Act, 29 U.S.C. §§ 211(a) and 215(a)(3), including by intimidating, coercing, or threatening in any other way against any current or former employee, because the employee engaged in protected activity under the FLSA~~;

(2)~~.~~ **For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least March 16, 2021 through at least April 15, 2024, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after April 15, 2024, and may be owed to certain current and former employees presently unknown to the Acting Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A** ~~An Order requiring Defendants to inform their employees that they will not retaliate against employees who speak to representatives of the Acting Secretary of Labor and that employees are free to provide whatever information the employee choses to provide~~;

8

(3)~~.~~  **For an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid overtime compensation found due Defendants' employees** ~~An Order tolling the statute of limitations, 29 U.S.C. § 255(a), retroactively from March 18, 2024, which is the date that the investigation began and when Defendants threatened employees and/or obstructed the Acting Secretary of Labor's investigation~~;

(4)~~.~~  **In the event liquidated damages are not awarded, for an Order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621** ~~An Order awarding the Secretary all costs of this action~~;

(5)~~.~~  An Order awarding **lost wages, liquidated damages,** and punitive damages for Defendants' obstructionist and threatening behavior toward their employees in violation of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3); and

(6)~~.~~  An Order awarding the **Acting** Secretary any other and further relief as may be necessary and appropriate.

Respectfully submitted,

Mailing Address:

U.S. Department of Labor
Office of the Regional Solicitor
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103-2968
(215) 861-51**2**~~4~~**0** (voice)
(215) 861-5162 (fax)
**gosfield.alexander.e@dol.gov**

~~unger.erik.s@dol.gov~~
kuschel.elizabeth.a@dol.gov

**UNITED STATES DEPARTMENT OF LABOR**

Seema Nanda
Solicitor of Labor

Samantha N. Thomas
Regional Solicitor

Channah Broyde
Associate Regional Solicitor

Elizabeth A. Kuschel
**Arlington** ~~Acting~~ Wage and Hour Counsel

9

Date: ~~August 13, 2024~~ **January 16, 2025**

*/s/ Elizabeth A. Kuschel*
Elizabeth A. Kuschel
Senior Trial Attorney
Pa **State Bar** # 318537

*/s/Erik S. Unger*
Erik S. Unger
**Senior** Trial Attorney
Pa **State Bar** # 323903
NJ **State Bar** # 303442019
NY **State Bar** # 4670675
~~*Admission pro hac vice pending*~~

**/s/ *Alexander E. Gosfield***
**Alexander E. Gosfield**
**Senior Trial Attorney**
**PA State Bar # 209537**

~~*/s/ Priom Ahmed*~~
~~Priom Ahmed~~
~~Trial Attorney~~
~~*Admission pro hac vice pending*~~

*Attorneys for* **JULIE A. SU**
**Acting Secretary of Labor,** *Plaintiff*